TRENTON JOCKEY CLUB, PLAINTIFF, v. HAMID REALTY CO. ET AL., DEFENDANTS.

Argued October 1, 1946—Decided March 27, 1947.

Before Justices PARKER and DONGES.

For the plaintiff, *McCarter, English & Studer*.

For the defendants, *Edward A. Markley*.

PER CURIAM.

This is a plaintiff's motion to vacate a rule signed by Mr. Justice Eastwood, at that time a Circuit Court Judge and signed by him in his capacity as a Supreme Court Commissioner *ex officio,* which rule directed that the plaintiff's judgment of *non pros* on the defendants' counter-claim be opened, and that the defendants may file an appropriate pleading to the answer to counter-claim within ten days.

The record is rather confused, particularly as only a part of it is printed. The complaint is not printed, neither is the answer. The printed book begins with the counter-claim, which is in three counts, and is followed by the answer to the counter-claim, which is seven pages long.

The controversy seems to relate in general to a lease of the buildings and grounds at Trenton used for the New Jersey State Fair. As stated at the opening of these remarks, the only question to be decided at this time is whether the Circuit Court Judge, in his capacity as a Supreme Court Commissioner, had jurisdiction under the statutes and practice to open the default judgment of *non pros*. We consider that he did have jurisdiction under the amendment of May 15th, 1943, amending rule 94, which amendment specifically adds to rule 94 the power of a Circuit. Court Judge acting as Commissioner in relation to "opening of default judgments."

It seems reasonably clear that the amendment applies to the situation in this case, which was a judgment of *non pros* directed to a counter-claim filed by the defendants. We consider that that judgment is within the purview of the rule.

The motion to vacate the rule is therefore denied.